# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BROOKE ADDAMS,

                    Plaintiff,

vs.                                                    Civ. No. 21-952 JCH/LF

APPLIED MEDICO-LEGAL
SOLUTIONS RISK RETENTION
GROUP, INC.; KELLY N. REDDELL;
DOES DEFENDANTS.
                    Defendants.

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the *Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, Dismiss for Failure to State a Claim* (ECF No. 7), filed on March 19, 2021, by Defendants Applied Medico-Legal Solutions Risk Retention Group, Inc. ("AMS") and Kelly N. Reddell ("Reddell") (collectively, "Defendants") and on the *Motion to Stay Discovery and Proceedings* (ECF No. 19) filed by Plaintiff Brooke Addams ("Plaintiff"). The Court having considered the motions, briefs in support of the motions, and relevant law, and being otherwise fully informed, concludes that Defendant's motion to dismiss should be granted, thereby rendering Plaintiff's motion to stay moot.

## I.        FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was involved in an automobile collision in Santa Fe, New Mexico, on May 18, 2016.[1] *See* State Ct. Compl., *Addams v. AMS, et al.*, D-101-CV-2021-01856 (hereinafter "AMS Complaint"), ECF No. 1-1 at 5, ¶ 4. Plaintiff filed a lawsuit against the other driver seeking

---

[1] The case caption of the automobile lawsuit is *Brooke Addams v. Steven J. Lovato, et. al.*; First Judicial District Court; Santa Fe, New Mexico; Case No. D-101-CV-2018-03476.

damages for the physical injuries she sustained because of the accident. *See id.* at 6, ¶ 5. During pre-trial litigation, the insurance company for the other driver directed Plaintiff to submit to an independent medical exam ("IME") to be conducted by a physician of that driver's choice. *See id.* ¶ 6. Plaintiff complied with this request and on March 29, 2019, she went to see Keith Harvie, DO, ("Harvie") at his professional office in Albuquerque, New Mexico, called Orthopedic Consultants, Inc. *Id.*

On said date, before being examined by Harvie, Plaintiff was told that she had to disrobe for the examination. *See id.* at 7, ¶ 13. Plaintiff reported being emotionally distressed at the directive to disrobe, because as she disclosed to Harvie's assistant, she had a history of being sexually abused. *See id.* ¶ 14. Despite Plaintiff's emotional distress, Harvie proceeded with the IME. *See id.* at 9, ¶ 20. Plaintiff alleged that Harvie made inappropriate sexual comments and unwanted physical sexual contact, in the form of pressing his genitals against her and groping her. *See id.* (Ex. A) at 36, ¶¶ 12-14, ¶¶ 24-26, ¶¶ 29-30.

The record is not clear as to how, or to whom, Plaintiff initially notified about the alleged sexual misconduct, but on April 4, 2019, Plaintiff received a "letter of denial" from Harvie's legal counsel rebutting all the alleged sexual misconduct by Harvie. *See id.* at 39, ¶ 35. Sometime thereafter, Harvie's professional liability insurance provider, AMS, was notified of the allegations filed against him by Plaintiff. *See* Harvie State Ct. Compl. (Ex. C), ECF No. 1-1 at 64. AMS then issued a letter to Harvie regarding the scope of his Policy coverage, specifically pointing out conduct that would result in an exclusion of insurance coverage. *See id.* at 64-65. In its September 2019 letter written by Kelly N. Reddell, "Vice President Litigation Management," AMS advised Harvie that there was "very limited coverage under the Policy for allegations arising out of alleged sexual misconduct," and further that "such conduct is generally excluded under the Policy[.]" *See*

*id.* at 64. AMS advised Harvie that "under no circumstances [was AMS] obligated to pay for any judgment arising from sexual assault . . . or for any settlement payment made to the Plaintiff." *See id*. at 65. The letter included detailed explanations about the coverage exclusions as provided for by Harvie's Policy and advised that AMS would provide limited "defense-only coverage." *Id.* at 70.

On September 30, 2020, Plaintiff filed a complaint in the state district court that asserted eleven causes of action against Harvie and his practice group for (1) sexual and physical assault and battery; (2) false imprisonment; (3) negligent and/or reckless and/or intentional infliction of emotional distress/outrageous misconduct; (4) violation of the New Mexico Medical Malpractice Act; (5) bad faith breaches of implied contract and covenant of good faith and fair dealing; (6) spoliation of evidence; (7) fraudulent misrepresentation; (8) negligence/gross negligence; (9) prima facie tort; (10) civil conspiracy; and (11) for punitive damages. *See* State Ct. Compl., *Addams v. Harvie, et al.*, D-101-CV-2020-02124 (hereinafter, "Harvie State Ct. Compl." or "Harvie State Court Complaint"), ECF No. 1-1 at 31-53. On July 28, 2021, the parties engaged in mediation on the claims stemming from the Harvie State Court Complaint. *See* AMS Complaint, ECF No. 1-1 at 20, ¶ 35. Thereafter, Plaintiff asserted that Defendants "intentionally refused to pay and/or settle [her] claims for a reasonable amount, even though Plaintiff had offered to do so within the limits of the coverage of the applicable AMS policy of liability insurance covering Dr. Harvie's indisputable professional malpractice[.]" *See id.* at 21, ¶ 37.

After the unsuccessful mediation, on August 26, 2021, Plaintiff filed suit in state district court against Defendants. *See* AMS Complaint, ECF No. 1-1 at 4. The AMS Complaint asserts the following causes of action: (1) insurance bad faith; (2) breach of duty to third-party beneficiary; (3) intentional/reckless infliction of emotional distress; (4) *respondeat superior* and/or agency; (5)

negligence, gross negligence and/or negligent supervision (breaches of duties of due care); (6) relief pursuant to the New Mexico Unfair Insurance Practices Act, NMSA § 59A-16-1, *et seq.*, the New Mexico Unfair Trade Practices Act (UTPA) and New Mexico law; and (7) civil conspiracy. *See id.* at 4-27.

On September 29, 2021, Defendants filed a *Notice of Removal* asserting that this Court has diversity jurisdiction. *See* ECF No. 1 at 1-3. Plaintiff does not contest that there is diversity jurisdiction. Shortly after removing the case to this Court, Defendants moved the Court to dismiss the case for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1), or in the alternative, to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *See* Def.'s Motion to Dismiss, ECF No. 7 at 1-11.

## II.    DISCUSSION

Defendants first argue that the AMS Complaint should be dismissed because the court lacks subject matter jurisdiction due to a binding arbitration provision pursuant to Rule 12(b)(6); and second, that in the alternative, it should be dismissed because Plaintiff lacks standing pursuant to Rule 12(b)(1). *See* Def.'s Motion to Dismiss, ECF No. 7 at 5-10. Having concluded that this case must be dismissed pursuant to Rule 12(b)(1), the Court need not analyze whether the arbitration provision is binding.

Defendants make three assertions in support of their motion for dismissal for lack of standing. First, Defendants assert that Plaintiff is not an insured under Harvie's Policy, but rather that she is a third-party claimant pursuing tort claims against AMS's insured, Harvie. *See id.* at 9-10. Second, Defendants argue that under New Mexico law, Plaintiff is precluded, as a third-party claimant, from pursuing direct claims under Harvie's insurance policy before the underlying matter has resulted in a final judgment against Harvie. *See id*. Third, Defendants assert that in New

Mexico, medical professionals must secure malpractice insurance to receive certain statutory protections, but the insurance is not strictly mandatory. *See id.* at 10. Defendants generally contend that Plaintiff's complaint is barred in its entirety by the New Mexico rule against direct actions. *See id*. Defendants point to the fact that the underlying tort claims against Harvie have not yet been resolved, and that they continue to defend Harvie pursuant to a "reservation of rights." *See* Def's Reply, ECF No. 21 at 2. Defendants state that there is no "express provision in the Policy or in New Mexico's statutory or regulatory scheme that would allow her to pursue direct claims" against them, before obtaining a final judgment against Harvie.

In a summary fashion, Plaintiff responds to Defendants' lack of standing argument stating that "her Complaint against Defendants adequately states the claims alleged, sufficient to withstand any motion to dismiss." Pl.'s Resp., ECF No. 18 at 10. In their *Reply*, Defendants refer to Plaintiff's summary, undeveloped response as a concession. Def's Reply ECF No. 21 at 2. Plaintiff's *Surreply* responds to such alleged "concession" as "patently false," yet does not develop an argument with citations to supporting authorities that the Court may rely on. *See* Pl's Surreply, ECF No. 27 at 1-3. The Court reminds Plaintiff that when filing "an opposition to a dispositive motion and address[ing] only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *See Federated Mut. Ins. Co. v. Ever-Ready Oil Co.*, No. 09-CV-857 JEC/RHS, 2012 WL 11945481, *4 n.7 (D.N.M. Mar. 9, 2012) (citing *Hopkins v. Women's Div., General Bd. of Global Ministries,* 284 F.Supp.2d 15, 25 (D.D.C. 2003). Regardless of whether Plaintiff's arguments have been conceded, the Court will still consider the merits of Defendants' argument. *See Freeman v. Fairchild*, 416 P.3d 264, 272 (N.M. 2018) (New Mexico courts have a "strong preference for resolving cases on their merits" as opposed to not granting a dismissal on procedural grounds) (citation omitted).

5

A. <u>Legal Standard</u>

Defendants frame their argument that the Court should dismiss the AMS Complaint for a lack of standing pursuant to Rule 12(b)(6). However, the Court determines that this matter will be decided pursuant to Rule 12(b)(1). Rule 12(b)(1) empowers a court to dismiss a complaint for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). Standing and ripeness challenges, "like other challenges to a court's subject matter jurisdiction, [are] treated as a motion to dismiss under Rule 12(b)(1)." *Kuzava v. United Fire & Cas. Co.*, No. 17-CV-02673 CMA/NYW, 2018 WL 3633558, *2 (D. Colo. July 31, 2018) (citing *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995)); *see also Keyes v. School Dist. No. 1, Denver Colo.*, 119 F.3d 1437, 1445 (10th Cir. 1997) ("The impediments to ripeness are equally impediments to standing.").

When making a Rule 12(b)(1) motion, a party may go beyond the allegations in the complaint to challenge the facts upon which jurisdiction depends by relying on affidavits or other evidence properly before the court. *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). A court has broad discretion to consider affidavits or other documents to resolve disputed jurisdictional facts under rule 12(b)(1). *See Holt*, 46 F.3d at 1003. In those instances, a court's reference to evidence outside the pleadings does not necessarily convert the motion to a Rule 56 motion. *Id.* (citing to *Wheeler v. Hurdman*, 825 F.2d 257, 259 n. 5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). In *Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996), the Tenth Circuit stated that "whether a claim is ripe for review bears on the court's subject matter jurisdiction under Article III of the Constitution," and "a ripeness challenge, like most other challenges to a court's

subject matter jurisdiction, is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)."

Although Defendants assert that dismissal should be grounded on standing, the Court determines that ripeness is the more precise doctrine that precludes federal court jurisdiction at this time. The "[s]tanding doctrine is designed to determine *who* may institute the asserted claim for relief," while the "[r]ipeness doctrine addresses a *timing* question: *when* in time is it appropriate for a court to take up the asserted claim." *ACORN v. City of Tulsa, Okl.*, 835 F.2d 735, 738 (10th Cir. 1987) (emphases original). "The ripeness doctrine aims to prevent courts from entangling themselves in abstract disagreements by avoiding premature adjudication." *Awad v. Ziriax*, 670 F.3d 1111, 1124 (10th Cir. 2012) (quotations omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotations omitted). Ripeness has roots "both in the jurisdictional requirement that Article III courts hear only 'cases and controversies' and in prudential considerations limiting our jurisdiction." *Alto Eldorado P'ship v. Cty. of Santa Fe*, 634 F.3d 1170, 1173 (10th Cir. 2011).

B.  Analysis

In this case, it is uncontested that Plaintiff has brought a third-party complaint against AMS. The Court then looks to New Mexico law on third-party complaints to inform whether it is the appropriate time to take up Plaintiff's AMS Complaint. *See Barrett v. Talon*, 30 F.3d 1296, 1300 (10th Cir. 1994) ("A federal court sitting in diversity applies the substantive law, including choice of law rules, of the forum state."). Under New Mexico law, "insurance contracts are construed by the same principles which govern the interpretation of all contracts." *Rummel v. Lexington Ins. Co.*, 945 P.2d 970, 976 (N.M. Ct. App. 1997) (citation omitted). A third-party

claimant is a "stranger[] to [an] insurance contract[.]" *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1229 (10th Cir. 2012) (citation omitted). The general rule is that a third-party plaintiff cannot maintain a direct claim against an insurance carrier, because such a plaintiff's rights of recovery are contingent on a judgment. *See Rhodes v. Lucero*, 444 P.2d 588, 589 (N.M. 1968) (holding that a plaintiff's rights to recovery are contingent upon either a judgment or a right authorized by statute). "Even where the New Mexico Supreme Court has allowed a third party to bring a direct action against an insurer, it has required that such suits 'only be filed *after* the conclusion of the underlying negligence litigation, and *after* there has been a judicial determination of fault in favor of the third party and against the insured.'" *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 787-88 (10th Cir. 2010) (quoting *Hovet v. Allstate Ins. Co.*, 404, 89 P.3d 69, 76 (N.M. 2004) (internal quotations omitted; emphases original). A judicial determination of the tortfeasor's fault and the amount of damages awarded in the underlying negligence action are prerequisites for a third-party who seeks to bring a claim against an insurance carrier. *King v. Allstate Ins. Co.*, 159 P.3d 261, 265 (N.M. App. Ct. 2007).

Here, New Mexico law has dictated when in time it is appropriate for the court to take up Plaintiff's third-party complaint. To prevent a premature adjudication by this Court, the Harvie State Court Complaint must first be determined. Plaintiff's AMS Complaint is not yet ripe for adjudication because it rests upon contingent future events, to include a judicial determination of fault by Harvie. The Court must avoid entangling itself in the disagreement raised by the AMS Complaint where Plaintiff seeks damages against Defendants because they have "intentionally refused to pay and/or settle [her] claims[.]" *See* AMS Compl., ECF No. 1-1 at 21, ¶ 37. Plaintiff recognizes the premature nature of this suit in her own complaint, wherein she stated that, "upon obtaining a judgment against Defendants Keith Harvie, D.O., and/or his business, Orthopedic

Consultants, Inc., Ltd., she will seek recovery of such judgment from the Defendants named herein." *Id.* at 22, ¶ 37. Plaintiff's AMS Complaint would be ripe for judicial determination only after the Harvie State Court Complaint is resolved.

Plaintiff points to no common law, statutory law, or public policy that indicates a different outcome. Therefore, this Court, based on the foregoing analysis and consistent with other jurisdictions, grants Defendant's motion to dismiss for a lack of subject matter jurisdiction because Plaintiff's AMS Complaint is not ripe for review. *See Kuzava v. United Fire & Cas. Co.*, No. 17-CV-02673-CMA-NYW, 2018 WL 3633558 (D. Colo. July 31, 2018) (granting a defendant's 12(b)(1) motion to dismiss because plaintiff's third-party bad faith claim against insurance company was not ripe); *Auzenne v. Great Lakes Reinsurance, PLC*, 497 S.W.3d 35, 37-38 (Tex. App. 2016) (dismissing plaintiff's complaint stating, "the need for a determination of liability before bringing a direct action against an insurer, while often referred to as a standing issue, is more appropriately characterized and analyzed as ripeness." (citation omitted)); *Torres v. Nev. Direct Ins. Co.*, 353 P.3d 1203, 1211 (Nev. 2015) (dismissing plaintiff's complaint stating "[t]hird party claimants do not have a contractual relationship with insurers and thus have no standing[.]"); *Mid-Continent Cas. Co. v. CG/LAM*, No. CIV-11-0329, 2012 WL 12819196 (D.N.M. Oct. 11, 2012) (granting dismissal of a third-party claim under 12(b)(1) and 12(b)(6) due to a lack of standing).

### III.    CONCLUSION

This matter will be dismissed without prejudice for lack of jurisdiction. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."). Given that

Plaintiff's claims against Defendants are not yet ripe, it is premature to decide questions concerning the arbitrability of Plaintiff's claims against Defendants. Any remaining arguments raised by Defendants, and Plaintiff's *Motion to Stay* are therefore moot.

**IT IS THEREFORE ORDERED** that

1. Defendants' *Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, Dismiss for Failure to State a Claim* (ECF No. 7) is **GRANTED**.

2. Plaintiff's *Motion to Stay Discovery and Proceedings* (ECF No. 19) is **DENIED based on mootness**.

3. This case is **DISMISSED without prejudice.**

_____
SENIOR UNITED STATES DISTRICT JUDGE